IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL KESHOCK, et al,          )
                                 )
        Plaintiffs,              )
                                 )
v.                               )          Civil Action No. 15-00345-CG-N
                                 )
METABOWERKE GMBH, et al,         )
                                 )
        Defendants.              )

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Remand filed by Plaintiffs
Michael Keshock, Richard Fitzgerald, Tyron Lucas, and Martine Osborn
("Plaintiff's")(Doc. 14). This motion has been referred to the undersigned United
States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §
636(b). In reaching its decision, the Court considers the Motion to Remand (Doc.
14); the Plaintiffs' Brief in Support (Doc. 16); Defendants Metabowerke GmbH and
Metabo Corporation's Response to the Motion to Remand ("Metabo
Defendants")(Doc. 26); the Plaintiff's Response in Opposition (Doc. 31); the Notice of
Removal (Doc. 1); and the Supplement to the Notice of Removal (Doc. 27). Upon
consideration, and for the reasons stated herein, the undersigned **RECOMMENDS**
that the Motion to Remand be **GRANTED**.

## I.     Background

During the course of employment with Austal USA, LLC, Plaintiffs were
injured while operating saws which were produced by the Metabo Corporation
and/or Metabowerke GmbH and modified for use at Austal USA, LLC. Doc. 1-1 at 1-

21. Craig Perciaville, Mike Bell, and Chris Blankenfeld are upper-level employees of Austal USA, LLC. Doc. 1-1 at 6-8. On May 20, 2015, Plaintiffs filed a complaint against Defendants Metabowerke GmbH; Metabo Corporation; Austal USA, LLC (Austal); Craig Perciavalle; Mike Bell; Chris Blankenfeld[1]; and 170 fictitious defendants[2] in the Circuit Court of Mobile County, Alabama. *See* Doc. 1-1 at 5-10. On July 6, 2015,[3] the Metabo Defendants[4] removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject matter jurisdiction. *See* Doc. 1 at 6.

The parties lack complete diversity, since the Plaintiffs, Defendant Austal, and the Individual Defendants are all citizens of Alabama. Doc. 1-1 at 5-7; Doc. 27 at 9-10. At the time of removal, the Metabo Defendants alleged that the non-diverse defendants should be ignored for determining diversity because they were fraudulently joined because there existed no possibility the Plaintiffs could establish a cause of action against the non-diverse Defendants in state court. Doc. 27 at 11-15.

---

[1] Craig Perciaville, Mike Bell, and Chris Blankenfeld are referred to collectively as "the Individual Defendants." The Individual Defendants and Austal are referred to collectively as "the non-diverse Defendants."

[2] "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

[3] The Metabo Defendants were served on June 8, 2015 (Doc. 1-1 at 187) and the notice of removal was filed within 30 days thereof. Therefore, the notice of removal was timely filed under 28 U.S.C. § 1446(b)(1). *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010).

[4] While removal based on diversity jurisdiction must normally be by the consent of all defendants (28 U.S.C. § 1446(b)(2)(A)), removal may be proper without the consent of improperly joined defendants. *GMFS, LLC v. Bounds*, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003). Thus, removal is proper here if Austal, Perciaville, Bell, and Blankenfeld are all improperly joined.

On July 17, 2015, the Plaintiffs filed a Motion to Remand this case to state court, arguing that the non-diverse Defendants were not fraudulently joined because an exception to the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "the Act") applied in this case which would allow the Plaintiffs to successfully state a claim against those Defendants. Doc. 14 at 2-3. The Metabo Defendants filed a Response in Opposition (Doc. 26) and the Plaintiffs replied (Doc. 31). The non-diverse Defendants did not join in the Response in Opposition to the Motion to Remand, choosing instead to file Motions to Dismiss (Docs. 3, 7, 33) which the Court does not take up here.

The Metabo Defendants argue that the LHWCA is the exclusive remedy for the Plaintiffs and that no exceptions apply here. Doc. 27 at 13-15. They argue that because the LHWCA provides the exclusive remedy for Plaintiffs, there is no possibility of establishing a cause of action against the non-diverse Defendants and they are fraudulently joined. *Id.* The Plaintiffs argue that the case should be remanded because the non-diverse Defendants are not fraudulently joined. Doc. 14 at 2. Because there is an exception to the LHWCA where a defendant has a specific intent to injure (*See Rodriguez-Flores v. U.S. Coatings, Inc.*, 133 So. 3d 874, 881-82 (Ala. 2013)), the Plaintiffs argue their allegations of intentional torts successfully establish a cause of action against the non-diverse Defendants. *Id.* at 3. Thus, the non-diverse defendants are not fraudulently joined and must be considered in the diversity analysis. *Id.* at 7-8.

## II.    <u>Standard of Review</u>

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). One such Congressional grant of jurisdiction is found in 28 U.S.C. § 1332(a)(1), which provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . "

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)."). [5] "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" *Lowery v. Alabama Power Co.*, 483

---

[5] Like the present action, *Roe* expressly considered the propriety of removal "under the first paragraph of § 1446(b) . . . " 613 F.3d at 1061 n.4.

F.3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The district court must evaluate *all* factual issues and questions of controlling substantive law *in favor of the plaintiff. Coker v. Amoco Oil Co.*, 709 F.2d 1443, 1440 (11th Cir. 1983)(emphasis added) *citing Bobby Jones Garden Apartments*, 391 F.2d 172, 177 (11th Cir. 1968). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)).

## III.   Analysis

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulently-joined parties should not be considered for the purpose of determining diversity. *Tapscott v. MS Dealer Service Corp.*, 77 F.2d 1353, 1359 (11th Cir. 1996) *citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Joinder is fraudulent in three situations:

1. "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant;"

2. "when there is outright fraud on the plaintiff's pleading of jurisdictional facts;" and

3.  "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability *and* where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."

*Triggs*, 154 F.3d at 1287. The Metabo Defendants do not claim that the second or third forms of fraudulent joinder are present in this case, rather arguing that the first form applies.

In the first form of fraudulent joinder, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any . . . resident defendant[,] the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d 1440-41 *citing Bobby Jones Garden Apartments*, 391 F.2d at 177 *and Parks v. New York Times Co.*, 308 F.2d 474, 477-78 (5th Cir. 1962). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* that his complaint states a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287.

## A. The Longshore and Harbor Workers' Compensation Act

Under the LHWCA, employers are responsible for "compensation . . . in respect of disability or death of an employee . . . if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading,

repairing, dismantling, or building a vessel). 33 U.S.C. § 903(a). Compensation under the Act is "payable irrespective of fault as a cause for the injury." 33 U.S.C. § 904. LHWCA compensation extends to "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship breaker . . ." 33 U.S.C. § 902(3).

Liability of an employer covered by the LHWCA is normally "exclusive and in place of all other liability of such employer to the employee . . . " 33 U.S.C. § 905(a). The Act also contains an exclusivity provision regarding claims against co-employers, stating that it is the "exclusive remedy to an employee when he is injured . . . by the negligence or wrong of any person or persons in the same employ. 33 U.S.C. § 933(i). This exclusivity provision has been recognized by the Eleventh Circuit and the Alabama Supreme Court as providing complete immunity as to all claims asserted against co-employees. *Rodriguez-Flores*, 133 So. 3d at 881 (*citing* 33 U.S.C. § 933(i), *Perron v. Bell Maint. & Fabricators, Inc.*, 970 F.2d 1409 (5th Cir. 1992), and *Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 582 (S.D. Tex. 2011 (noting that the "exclusivity provision of [the] LHWCA completely obliterates the rights at common, civil or maritime law against . . . fellow employee ")); *see also Gaudet v. Exxon Corp.*, 562 F.2d 351, 354, n. 4 (5th Cir.[6] 1977) *and Fillinger v. Foster*, 448 So. 2d 321 (Ala. 1984).

Plaintiffs have previously been compensated pursuant to the LHWCA. *See*

---

[6] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Doc. 1-1 at 397-411; Doc. 14 at 2. No party contends that the Act does not apply to the Plaintiffs' injuries. The only recognized exception to the exclusivity provision is where "the employer [] had a specific intent or desire that the injury occur." *Rodriguez-Flores*, 133 So. 3d at 882 (*citing Fisher v. Halliburton*, 667 F.3d 602 (5th Cir. 2012)). *Rodriguez-Flores* is an Alabama Supreme Court case which all parties argue from. *See* Doc. 14 at 3 (Plaintiffs' Motion to Remand); Doc. 26 at 8 (Metabo Defendants' Response to Motion to Remand); Doc. 4 at 7 (Austal's Brief in Support of Motion to Dismiss); Doc. 7 at 4 (Individual Defendants' Motion to Dismiss (*see* Doc. 33 at 1)). It makes clear that all past cases which provide for an exception to the LHWCA exclusivity provision "take a very narrow view of the types of intentional injury that lie outside the LHWCA." *Rodriguez-Flores*, 133 So. 3d at 881 (*quoting Fisher v. Halliburton*, 667 F.3d 602 (5th Cir. 2012)). The plaintiff in *Rodriguez-Flores* alleged an "intentional or bad-faith refusal to provide benefits." 133 So. 3d at 885. This included allegations of statements by his employer that he would be fired if he continued to seek treatment for his injuries, proximately resulting in "severe physical, mental, and emotional pain and anguish." *Id*. Despite the allegation of an intentional action by the defendant in *Rodriguez-Flores*, the court found that the plaintiff had "not alleged a specific intent on the part of [defendant] to injure him, which is required to fall within the recognized exception to the exclusivity provision of the LHWCA. *Id*.

Cases elucidating the exception call for "genuine, intentional injury," (*Roy v. Bethlehem Steel Corp*., 838 F.Supp. 312, 316 (E.D. Tex 1993)) and state that

"[n]othing short of specific intent to injure the employee falls outside the scope of the [LHWCA]." *Austin v. Johns-Manville Sales Corp.*, 508 F.Supp. 313, 316 (D.Me. 1981). The exception to the exclusivity provision remains "exceedingly narrow." *Rodriguez-Flores*, 133 So. 3d at 881.

### B. Austal USA, LLC

The only cause of action brought against Austal is the tort of outrage (Doc. 1-1 at 26-27), synonymous with the tort of intentional affliction of emotional distress. *Harrelson v. R.J.*, 882 So.2d 317, 321 (Ala. 2003). Plaintiffs allege that the conduct of the non-diverse Defendants was "extreme outrageous, and beyond all bounds of human decency." Doc. 1-1 at 27. They further allege that '[a]s a proximate cause of the . . . outrageous conduct, the Plaintiffs were caused to suffer . . . severe emotional distress as a consequence of being required to work with the extremely dangerous Miller Saw." *Id*.

The tort of outrage is an intentional tort (*see, e.g., American Road Serv. Co. v. Inmon*, 394 So.2d 361, 365 (Ala. 1980) (The tort of outrage is committed by one "who by extreme and outrageous conduct *intentionally* or recklessly causes severe emotional distress to another . . ." (*emphasis added*))) consisting of four elements:

    (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct;

    (2) that the conduct was "extreme and outrageous";

    (3) that the actions of the defendant were the cause of the plaintiff's distress;

and

(4)  that the emotional distress sustained by the plaintiff was "severe".

*U.S.A. Oil, Inc. v. Smith*, 415 So. 2d 1098 (Ala. Civ. App. 1982) *quoting Agis v. Howard Johnson Co.*, 355 N.E.2d 315, 318-19 (Mass. 1976). The Plaintiffs' Complaint clearly alleges the second, third, and fourth elements. *See* Doc. 1-1 at 25-26. Any allegation in the Complaint that Austal USA, LLC, had a specific intention to inflict emotional distress on the Plaintiffs is less clear. Plaintiffs allege that Austal "negligently, willfully, and/or intentionally" exposed them to a "known risk of suffering personal injuries." *Id.* at 18. Plaintiffs also allege that Austal "continued to provide and/or require" the use of the saws in question while aware of the many injuries that the saws were associated with. *Id.* at 17.

In order to meet the "specific intent" requirement for the exception to LHWCA immunity, proving or alleging the second part of the first element (". . . that [the actor] knew or should have known that emotional distress was the likely result of his conduct.") is not enough. Rather, Plaintiffs must allege (and eventually prove) a specific intent to injury on the part of Austal. *See Rodriguez-Flores*, 133 So. 3d at 882. In the context of the tort of outrage, this requirement is only met by the first clause of the first element ("that the actor intended to inflict emotional distress . . ."). While this is a high burden, it remains possible that a state court would find that the Plaintiffs state a cause of action against Austal which falls into the exception for LHWCA immunity. *See id.* Even though the allegation of the intent element is less than clear, this court must resolve any doubt as to jurisdiction in

favor of the non-removing party. *Coker v. Amoco Oil Co.*, 709 F.2d 1443, 1440 (11th Cir. 1983)(emphasis added) *citing Bobby Jones Garden Apartments*, 391 F.2d 172, 177 (11th Cir. 1968). Since even a possibility remains that the Plaintiffs have stated a cause of action against Austal, the court must find that joinder is proper. *See id.* at 1440-41.

## C. The Individual Defendants

Plaintiffs allege three causes of action against Craig Perciaville, Mike Bell, and Chris Blankenfeld: "failure to provide Plaintiffs with reasonably safe employment, safety devices, safeguards or work processes" in violation of Ala. Code § 25-1-1; "willful misconduct" in violation of Ala. Code § 25-5-11; and the common-law tort of outrage. Doc. 1-1 at 22-26. Like the Plaintiffs at the time of their injuries, the Individual Defendants are employees of Austal USA, LLC. *Id.* at 6-8.

"A state may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the LHWCA[.]" *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 716, 100 S.Ct. 2432 (1980). However, the Supreme Court of Alabama has held that "the LHWCA and the law of Alabama are in serious conflict as to the maintenance of co-employee suits" and that federal law pre-empts Alabama law on the subject. *Fillinger v. Foster*, 448 So.2d 321, 326 (1984) (*citing* 33 U.S.C. § 933(i) *and Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210 (1983)). This bar on co-employee actions by land-based maritime workers has been extended even to willful misconduct suits brought under Ala. Code § 25-5-11. *Rodriguez-Flores*, 133 So. 3d at 881.

The Plaintiffs are land-based maritime employees covered by the LHWCA. Doc. 14 at 2. As such, they cannot maintain state-law actions against co-employees. *See Fillinger*, 448 So.2d at 321; *Rodriguez-Flores*, 133 So. 3d at 881; 33 U.S.C. § 933(i). Because the Individual Defendants are co-employees against whom the Plaintiffs cannot maintain state-law actions, they are fraudulently joined. *See Triggs*, 154 F.3d at 1287.

**D. Subject-Matter Jurisdiction**

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) is the sole basis for the Court's subject matter jurisdiction alleged by the removing Metabo Defendants. *See* Doc. 1 at 6. Diversity jurisdiction lies where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. 28 U.S.C. § 1332(a). The amount in controversy is not at issue. Exercise of diversity jurisdiction by the district court requires "complete diversity; every plaintiff must be diverse from every defendant." *Triggs*, 154 F.3d at 1287 *citing Tapscott*, 77 F.3d at 1355; *see also* 28 U.S.C. § 1332.

The Plaintiffs are all citizens of Alabama. Doc. 27 at 9; Doc. 1-1 at 6-7. Defendant Metabowerke GmbH is a citizen of Germany. Doc. 27 at 10; Doc. 1-1 at 6. As a "Gesellschaft mit beschränkter Haftung," it is most similar to an "LLC" business form in the United States. *See Andrews v. Mazda Motor Corp.*, 2015 WL 1851159, at *1 (N.D. Ga. April 22, 2015) (describing GmbH as a "German limited liability company."). For the purposes of diversity jurisdiction, an LLC's citizenship is the same as its members. *Rolling Greens MHP, LP v. Comcast SCH Holdings,*

*LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). The only member of Metabowerke GmbH is Metabowerke AG[7], a German corporation with its principal place of business in Germany. Doc. 27 at 10. Defendant Metabo Corporation is a Delaware corporation with its principal place of business in Pennsylvania. Doc. 27 at 10. The only member of Defendant Austal USA, LLC, is Austal Holdings, Inc., which is an Alabama corporation with its principal place of business in Alabama. *See* Doc. 24 at 1. As fraudulently joined parties, Craig Perciaville, Mike Bell, and Chris Blankenfeld must be ignored for the purposes of ascertaining jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.2d 1353, 1359 (11th Cir. 1996) *citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The fictitious defendants are not considered for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Both the Plaintiff and Defendant Austal USA, LLC, are citizens of Alabama. Parties thus lack complete diversity as required for the court to exercise diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a); *Triggs*, 154 F.3d at 1287 *citing Tapscott*, 77 F.3d at 1355. Since this court does not have jurisdiction, the case must be remanded to state court. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

## IV.   Conclusion

In accordance with the above-state analysis, the undersigned **RECOMMENDS** that the Motion to Remand be **GRANTED**.

---

[7] "AG" stands for "Aktiengesellschaft," a type of entity which has been recognized as a "corporation established under the laws of . . . Germany." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 697, 108 S.Ct. 2104 (1988).

## V.    <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. GEN. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of September 2015.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**